UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LORI CHAVEZ-DEREMER,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>   Plaintiff,<br><br>v.<br><br>**SPARKLING KLEAN, LLC; STAY GLASSY, LLC;** and **KAREN CAPPEZA**,<br><br>   Defendants | Civil Action No.: 3:26-cv-24 |

## COMPLAINT

Pursuant to Section 17 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("FLSA" or "Act"), Plaintiff, **Lori Chavez-DeRemer**, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants Sparkling Klean, LLC, Stay Glassy, LLC, and Karen Cappeza (collectively, "Defendants") from violating Sections 7, 11, 15(a)(2) and/or 15 (a)(5) of the FLSA, 29 U.S.C. § 207, § 211, § 215(a)(2), and § 215(a)(5), and to recover unpaid compensation, plus an equal amount in liquidated damages for Defendants' employees, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from July 28, 2022, to July 24, 2024 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

Throughout the Investigation Period, Defendants repeatedly violated Sections 7 and 15(a)(2) of the FLSA by paying employees only their regular rate of pay, with no overtime

1

premium, for hours worked over 40 in a workweek. Defendants repeatedly violated Sections 11 and 15(a)(5) of the FLSA by failing to maintain any records of their employees' hours worked, and by maintaining only limited and largely incomplete records of their employees' pay, contrary to the FLSA and corresponding regulations.

Due to these violations, Defendants are liable to their employees in the amount of back wages owed for unpaid overtime premiums and an equal amount in liquidated damages. Defendants should also be enjoined from future violations of Sections 7 and 11 pursuant to 29 U.S.C. § 217.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c) and 217, 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendants Sparkling Klean, LLC ("Sparkling Klean") and Stay Glassy, LLC ("Stay Glassy") are corporations within this Court's jurisdiction.

4. Defendant Sparkling Klean has a principal place of business at 2020 Maxwell Drive, Suite A, Hudson, Wisconsin 54016, where it operates a residential and commercial cleaning business. Sparkling Klean also does business under the names Patriot Painters and Hard Wood Trimmers.

5. Defendant Stay Glassy has a principal place of business at 2020 Maxwell Drive, Suite A, Hudson, Wisconsin 54016, where it operates a window cleaning business.

6. Defendant Karen Cappeza is 100% owner and operator of Sparkling Klean and Stay Glassy. She manages the day-to-day operations of both businesses, including hiring, firing, and supervising staff, setting schedules, and paying employees.

7. Defendant Cappeza has acted directly or indirectly in Sparkling Klean's and Stay Glassy's interests with respect to their employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

8. During the Investigation Period, Defendants engaged in business within St. Croix County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

9. Sparkling Klean and Stay Glassy operate as a single unified enterprise. They are both entirely owned and operated by Cappeza, who exercises authority to hire and fire employees at both businesses. Both businesses share a principal place of business. The businesses maintain consolidated time and pay records for their employees. The businesses share employees, and employees routinely receive paychecks from both businesses.

10. Sparkling Klean and Stay Glassy therefore form a single "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

   a. Sparkling Klean and Stay Glassy's related activities include residential and commercial cleaning services, new construction cleanup, and window cleaning.

   b. Sparkling Klean and Stay Glassy's unified operations include sharing employees across the various businesses without maintaining separate payroll records for each entity, operating out of the same address in Hudson, Wisconsin, and functioning under the sole ownership and management of Karen Capezza, who controls hiring and firing, supervises the staff, and oversees daily operations for both Sparkling Klean and Stay Glassy.

   c. Sparkling Klean and Stay Glass's common control included the authority of Karen Capezza to manage the day-to-day operations for both entities. She handles hiring and firing, sets schedules, supervises the staff, maintains payroll and timekeeping records, and makes general business decisions for the enterprises, thereby exercising complete and direct control over both businesses.

 11. Sparkling Klean and Stay Glassy are an "enterprise engaged in commerce" under the FLSA, because they had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

### Sparkling Klean and Stay Glassy Are Joint Employers

 12. As described in paragraphs 9 and 10 above, Sparkling Klean and Stay Glassy operated as one entity for all relevant purposes and thus were a single employer for purposes of FLSA liability.

 13. To the extent that they were separate entities, Sparkling Klean and Stay Glassy were joint employers of all employees under the FLSA because the two companies—through 100% owner Karen Capezza—controlled the conditions of employment at both companies:

   a. Capezza had the power to hire and fire employees for both entities;

   b. She supervised and directed the work of all staff across both companies;

   c. She established work schedules and assigned job duties to employees;

   d. She was responsible for processing payroll and maintaining timekeeping records for employees;

   e. She ensured communication across the enterprises regarding employment and operational procedures; and

   f. She made arrangements for employees' travel between job sites and compensated them for such travel.

14. As a single employer or joint employers, Sparkling Klean and Stay Glass are jointly and severally liable for all violations alleged in this complaint.

## FLSA Violations

15. Defendants repeatedly violated Sections 7 and 15(a)(2) of the FLSA when they failed to pay their employees 1.5 times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

16. Defendants' practice was to pay employees at their regular rates of pay for all hours, including hours over 40 in a workweek. Further, Defendants separately calculated employees' hours worked for Sparkling Klean and Stay Glassy, even though the two employers form a single enterprise and jointly employed the employees, resulting in artificially reduced overtime hours. As a result of these practices, Defendants did not pay a half-time premium for overtime hours as required.

17. Defendants repeatedly violated Sections 11 and 15(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

18. Defendants kept time records for many but not all of the workweeks in the Investigation Period. Defendants also did not maintain complete and accurate records for the hours that Defendants deemed employees to be working for Stay Glassy.

## Remedies Sought

19. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

20. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

## Request for Relief

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A.      Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211, and 215. 29 U.S.C. § 217.

B.      Finding Defendants liable for unpaid overtime wages—plus an equal amount in liquidated damages—owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.      If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621. 29 U.S.C. § 217.

D.      Providing such other legal and equitable relief as may be necessary and appropriate.

E.      Awarding costs and granting such other and further relief as may be necessary and appropriate.

//
//
//

Respectfully submitted,

**JONATHAN BERRY**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Benjamin R. Salk
**BENJAMIN R. SALK**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-2354
salk.benjamin.r@dol.gov

*Attorneys for Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor*

## **Exhibit A**

| **Employee** |
| --- |
| Allqui, F. |
| Alvarez, M. |
| Alvarez Juncal, J. |
| Aufderhar, J. |
| Ballin Real, C. |
| Cabrera Illescas, H. |
| Cabrero Illescas, M. |
| Capezza, E. |
| Cardenas, E. |
| Celestina, M. |
| Chaluisa, O. |
| Chica Aveiga, L. |
| Cumbe, L. |
| Delfina Chuma Bonilla, R. |
| Espinoza, L. |
| Espinoza Lliguin, A. |
| Fernandez Lojano, L. |
| Garcia, A. |
| Granada, D. |
| Granda, J. |
| Granda Gonzalez, M. |
| Guaman, A. |
| Guaman, M. |
| Guasco, M. |
| Huerta, C. |
| Juncal, C. |
| Lema, E. |
| Lliguin Albarracin, J. |
| Lopez, A. |
| Lopez, G. |
| Lopez Garcia, C. |
| Loza Arce, K. |
| Pesantes Macas, F. |
| Pesantes Macas, G. |
| Pino, H. |

| **Employee** |
| --- |
| Rael Silva, A. |
| Revira Marahona, A. |
| Rojas, J. |
| Rojas Gallegos, J. |
| Tenelema, D. |
| Tibanquiza, R. |
| Verdugo Saeteros, R. |
| Villegas Acosta, H. |
| Yupa, L. |